IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON ATHLETIC ASSOCIATION,<br><br>   Plaintiff,<br><br>      v.<br><br>CAFEPRESS.COM, INC.,<br>ZAZZLE INC., and<br>JOHN DOES 1-10<br><br>   Defendants. | CIVIL ACTION NO. _____ |

**COMPLAINT**

Boston Athletic Association brings this civil action against Zazzle Inc. and CafePress.com, Inc. (collectively, the "Defendants").

1.    This is an action for trademark counterfeiting arising under the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1116(d), trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq., federal false designation of origin and dilution arising under the Lanham Act, 15 U.S.C. § 1125, et seq., and for related state claims, that arise from the defendants' willful use of counterfeit identical designations and designations that are confusingly similar to those owned and registered by the B.A.A. on and in connection with competing goods.

2.    The value of the subject matter in controversy, exclusive of interest and costs, exceeds $75,000. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367.

3.    This Court has personal jurisdiction over the Defendants. Upon information and belief, the Defendants have transacted business within the Commonwealth of Massachusetts and

in this judicial district, by offering their counterfeit and infringing goods for sale to Massachusetts residents via an interactive website, and by selling counterfeit and infringing goods to Massachusetts residents.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### The Boston Athletic Association and the BOSTON MARATHON® Trademark

4. Plaintiff Boston Athletic Association (the "B.A.A.") is a Massachusetts non-profit corporation with a principal place of business in Boston, Massachusetts.

5. The B.A.A. has, since 1897, organized and conducted an annual marathon-length road race commencing at a starting line west of the city of Boston and ending at a finish line located within Boston.  Since its inception in 1897, the event has taken place on Patriot's Day, historically April 19th and now celebrated on the third Monday in April.  Every year since 1924, the race has commenced in the Town of Hopkinton and ended in Back Bay in downtown Boston.

6. Since on or about 1917, the B.A.A. has used the trademark "BOSTON MARATHON" in connection with the services of organizing and conducting this annual marathon-length road race.

7. The BOSTON MARATHON® road race is well-known throughout the world as the premier marathon event.  It is watched by hundreds of thousands of live spectators who line the race route, and by television viewers who watch the live broadcast.  Tens of thousands of elite runners, wheelchair participants, and official qualifiers, come from all over the world to participate in the BOSTON MARATHON® race every year.  The 100th running of the BOSTON MARATHON® race in 1996 was recognized by the Guinness Book of World Records as the world's largest marathon at that time, finishing more than 35,000 runners.  Many BOSTON MARATHON® event participants enter the race through the B.A.A.'s charity program.  In 2010

approximately 1,350 participants representing over twenty charities raised more than $10.3 million in donations.

8.  No admission is charged to spectators who view the BOSTON MARATHON® road race along the public roads and streets.  The B.A.A. depends almost exclusively on contributions from official sponsors, licensing fees, and participant entry fees to defray the costs of organizing and conducting the BOSTON MARATHON® race.

9.  Starting at least as early as 1980 and continuing up through the present, the B.A.A. has used the BOSTON MARATHON® mark, through its official licensees, on and in connection with a wide variety of merchandise including apparel, hats, bags, posters, mugs, emblems, and other accessories.

10. The B.A.A. is the sole and exclusive owner of the BOSTON MARATHON® trademark.  The B.A.A. is the owner of two U.S. trademark registrations, issued on the principal register, for the BOSTON MARATHON mark:

| Reg. No. | Reg. Date | Goods/Services |
| --- | --- | --- |
| 1,832,708 | April 26, 1994 | (IC 14) Rings, pendants, and pins<br>(IC 16) Souvenir program books, maps, lithographic prints, posters and pens<br>(IC 18) Fanny packs and tote bags<br>(IC 21) Mugs<br>(IC 25) Shirts, sweatshirts, T-shirts, jackets, gloves, shorts, hats, and pants<br>(IC 26) Embroidered emblems<br>(IC 41) Entertainment services; namely, staging marathon races and charitable fundraising walks |
| 1,346,832 | July 2, 1985 | (IC 41) Entertainment service, namely staging marathon races |

A true and correct copy of these certificates of registration is attached as **Exhibit 1**.  These registrations are valid and incontestable pursuant to 15 U.S.C. § 1065.

11. The B.A.A. also owns common law rights in the BOSTON MARATHON® mark throughout the United States.  People from all over the United States take part in the annual BOSTON MARATHON® sporting event, either as participants or as spectators, and the B.A.A. makes official BOSTON MARATHON® merchandise available for sale throughout the United States.  The goodwill that has come to be associated with the BOSTON MARATHON® mark represents a valuable asset that belongs to the B.A.A.

12. BOSTON MARATHON® is a famous mark.  The B.A.A. has for decades expended considerable efforts and resources promoting the BOSTON MARATHON® event and operating a licensing program that makes official BOSTON MARATHON® merchandise available to the public.  The B.A.A. has also expended considerable efforts and resources in enforcing its exclusive and valuable rights in the BOSTON MARATHON® mark.  The public recognizes the BOSTON MARATHON® mark as indicating a single source of goods and services.

### The Boston Athletic Association and the Unicorn Design Trademark

13. Starting on or about 1897 the B.A.A. has used a design of unicorn in connection with the staging of marathon events (the "early Unicorn Design"):



14. Starting on or about 1980 the B.A.A. used the early Unicorn Design, through various licensees, on and in connection with a variety of merchandise including clothing, hats, jewelry, mugs, bags, posters, and emblems.

15. Starting on or about 1996 and continuing up through the present, the B.A.A. has used a modified unicorn design (the "Unicorn Design") in connection with the BOSTON MARATHON® event. The B.A.A. has also, through various licensees, used the Unicorn Design on and in connection with a variety of merchandise including clothing, hats, jewelry, mugs, bags, posters, and emblems:



16. The B.A.A. recently introduced a further modified design of a unicorn (the "modern Unicorn Design") and has used the modern Unicorn Design in connection with race events including the 114th BOSTON MARATHON® event in 2010 and, through select licensees, on items such as apparel:



17. The B.A.A. is the sole and exclusive owner of the Unicorn Design trademark. The B.A.A. is also the owner of a U.S. trademark registration, issued on the principal register, for the Unicorn Design mark:

| Reg. No. | Reg. Date | Goods/Services |
|---|---|---|
| 2,792,075 | December 9, 2003 | (IC 06) Non precious metal pins and key rings<br>(IC 21) Personal timing device in the nature of a transmitter chip which is attached to an athlete's shoes, for use in sporting events<br>(IC 14) Watches, jewelry, precious metal pins, key chains and key rings<br>(IC 16) Souvenir program books, maps, lithographs, posters, pens, paperweights<br>(IC 18) All purpose travel and tote bags made of cloth or canvas<br>(IC 21) Mugs, drinking glasses, bowls, vases, ice buckets, pitchers, non-metal decorative boxes<br>(IC 25) Clothing, namely, shirts, t-shirts, pants, sweatshirts, tanktops, jackets, shorts, gloves, hats, ties, pullovers, vests, scarves, and footwear<br>(IC 26) Embroidered emblems<br>(IC 41) Entertainment services, namely, staging marathon races, charitable fundraising walks, and athletic club services |

A true and correct copy of this certificate of registration is attached as **Exhibit 2**. This registration is valid and incontestable pursuant to 15 U.S.C. § 1065.

  18. The B.A.A. also owns common law rights in the Unicorn Design mark throughout the United States. People from all over the United States take part in the annual BOSTON MARATHON® sporting event. The B.A.A. has prominently used the Unicorn Design mark, in its past and present iterations, and continues to use the Unicorn Design mark in its present iterations, in connection with this event. The B.A.A. has also sold through its licensees merchandise bearing the Unicorn Design mark in present iterations throughout the United States. The goodwill that has come to be associated with the Unicorn Design mark represents a valuable asset that belongs to the B.A.A.

19. The Unicorn Design mark is famous mark. The B.A.A. has for decades expended considerable efforts and resources promoting the Unicorn Design mark in conjunction with the BOSTON MARATHON® event and operating a licensing program that makes merchandise bearing the B.A.A.'s official Unicorn Design mark available to the public. The B.A.A. has also expended considerable efforts and resources in enforcing its exclusive and valuable rights in the Unicorn Design mark. The public recognizes the Unicorn Design mark as indicating a single source of goods and services.

### Defendant CafePress.com, Inc.

20. Defendant CafePress.Com, Inc. ("CafePress") is a Delaware corporation with its principal place of business at 1850 Gateway Drive, Ste. 300, San Mateo, California.

21. CafePress offers for sale and sells clothing, hats, stickers, and assorted other merchandise through an interactive website at the "cafepress.com" domain.

22. CafePress offers for sale and sells certain goods identified on its website as "Boston Marathon Gifts" and which are otherwise identified as "Boston Marathon" merchandise. CafePress also offers for sale and sells certain goods on its website that bear counterfeits of the B.A.A.'s federally registered BOSTON MARATHON® trademark. CafePress also sells goods bearing designations that are confusingly similar to the B.A.A.'s BOSTON MARATHON® trademark including "BOSTON 26.2", "BOS 26.2", and designations consisting of the term "BOSTON" in conjunction with a picture of a runner and the year date, and designations that falsely suggest sponsorship by or affiliation with the BOSTON MARATHON event, such as "BOSTON QUALIFIER." A printout of several pages from the CafePress website showing such use is attached hereto as **Exhibit 3**, and one example is reproduced here:



23. CaféPress has sold such goods to people located in Massachusetts.

24. The B.A.A. has not authorized CafePress to use the BOSTON MARATHON trademark, or any confusingly similar designations, in such a manner, and none of the items sold by CafePress are official BOSTON MARATHON® merchandise.

25. Upon information and belief, CafePress undertook the actions described in the above paragraphs knowingly and willingly.

8

**Defendant Zazzle Inc.**

26.     Defendant Zazzle Inc. ("Zazzle") is a California corporation with its principal place of business at 1900 Seaport Blvd., Floor 4, Redwood City, California.

27.     Zazzle offers for sale and sells clothing, hats, stickers, and assorted other merchandise through an interactive website at the "zazzle.com" domain.

28.     Zazzle offers for sale and sells certain goods identified on its website as "Boston Marathon Gifts" and which are otherwise identified as "Boston Marathon" merchandise. CafePress also offers for sale and sells goods on its website that bear counterfeits of the B.A.A.'s federally registered BOSTON MARATHON® trademark and its federally registered Unicorn Design trademark.  Zazzle also sells goods that bear designations that are confusingly similar to the B.A.A.'s BOSTON MARATHON® trademark including "BOSTON 26.2", "RUN BOSTON 26.2", "BOSTON MARATHON QUALIFIER" and "BOSTON QUALIFIER".  A printout of several pages from the Zazzle website showing such use is attached hereto as **Exhibit 4**, and one such page is reproduced here:



29.     Zazzle has sold such goods to people located in Massachusetts.

30.     The B.A.A. has not authorized Zazzle to use the BOSTON MARATHON® trademark, the Unicorn Design trademark, or any confusingly similar designations, in such a manner, and none of the items sold by Zazzle are official BOSTON MARATHON® merchandise.

31.     Upon information and belief, Zazzle undertook the actions described in the above paragraphs knowingly and willingly.

10

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT BY CAFEPRESS

32. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

33. CafePress has infringed and continues to infringe the B.A.A.'s registered BOSTON MARATHON trademark in violation of 15 U.S.C. § 1125.

34. If the infringing acts of CafePress are allowed to continue, the B.A.A. will suffer irreparable injury.

## COUNT II – COUNTERFEITING BY CAFEPRESS

35. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

36. CafePress has violated rights of the B.A.A. by using a counterfeit of the registered BOSTON MARATHON® trademark in violation of 15 U.S.C. § 1116(d).

## COUNT III – FALSE DESIGNATION OF ORIGIN BY CAFEPRESS

37. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

38. The use of BOSTON MARATHON, BOSTON 26.2, BOS 26.2, "BOSTON" in conjunction with a picture of a runner and the year date, and BOSTON QUALIFIER by CafePress on and in connection with goods offered for sale and sold on its website constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a), because such use falsely suggests that the CafePress goods are associated with, affiliated with, or sponsored by the B.A.A.

## COUNT IV – FEDERAL TRADEMARK DILUTION BY CAFEPRESS

39. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

40. The use by CafePress of the identical mark BOSTON MARATHON is likely to cause dilution by blurring or dilution by tarnishment of the famous registered BOSTON MARATHON® trademark, in violation of 15 U.S.C. § 1125(c).

## COUNT V – STATE TRADEMARK DILUTION BY CAFEPRESS

41. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

42. CafePress has diluted the BOSTON MARATHON® mark thereby causing injury to the business reputation of the B.A.A., in violation of Mass. Gen. Laws c. 110B, § 12.

## COUNT VI – VIOLATION OF M.G.L. c. 93A BY CAFEPRESS

43. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

44. CafePress has engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws c. 93A, § 11.

## COUNT VII – COMMON LAW UNFAIR COMPETITION BY CAFEPRESS

45. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

46. By its above-described conduct, CafePress has engaged in unfair competition at common law.

## COUNT VIII – FEDERAL TRADEMARK INFRINGEMENT BY ZAZZLE

47. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

48. Zazzle has infringed and continues to infringe the B.A.A.'s registered BOSTON MARATHON trademark and the B.A.A.'s registered Unicorn Design trademark in violation of 15 U.S.C. § 1125.

49. If the infringing acts of Zazzle are allowed to continue, the B.A.A. will suffer irreparable injury.

## COUNT IX – COUNTERFEITING BY ZAZZLE

50. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

51. Zazzle has violated rights of the B.A.A. by using a counterfeit of the registered BOSTON MARATHON® trademark and a counterfeit of the registered Unicorn Design trademark in violation of 15 U.S.C. § 1116(d).

## COUNT X – FALSE DESIGNATION OF ORIGIN BY ZAZZLE

52. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

53. The use of BOSTON MARATHON, BOSTON 26.2, RUN BOSTON 26.2, and BOSTON MARATHON QUALIFIER by Zazzle on and in connection with goods offered for

sale and sold on its website constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a), because such use falsely suggests that the Zazzle goods are associated with, affiliated with, or sponsored by the B.A.A.

### COUNT XI – FEDERAL TRADEMARK DILUTION BY ZAZZLE

54. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

55. The use by Zazzle of the identical BOSTON MARATHON mark and the Unicorn Design mark is likely to cause dilution by blurring or dilution by tarnishment of the famous registered BOSTON MARATHON® and Unicorn Design trademarks, in violation of 15 U.S.C. § 1125(c).

### COUNT XII – STATE TRADEMARK DILUTION BY ZAZZLE

56. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

57. Zazzle has diluted the BOSTON MARATHON® mark and the Unicorn Design mark thereby causing injury to the business reputation of the B.A.A., in violation of Mass. Gen. Laws c. 110B, § 12.

### COUNT XIII – VIOLATION OF M.G.L. c. 93A BY ZAZZLE

58. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

59. Zazzle has engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws c. 93A, § 11.

**COUNT XIV – COMMON LAW UNFAIR COMPETITION BY ZAZZLE**

60. The allegations of paragraphs 1-28 are restated and realleged as though fully set forth herein.

61. By its above-described conduct, Zazzle has engaged in unfair competition at common law.

**RELIEF REQUESTED**

WHEREFORE, the B.A.A. requests that this Court:

A. Preliminarily and permanently enjoin CafePress and Zazzle, including all of their respective partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using BOSTON MARATHON, BOSTON 26.2, BOS 26.2, BOSTON QUALIFIER, "BOSTON" in conjunction with a picture of a runner and the year date, the Unicorn Design, and any other designation that is confusingly similar to BOSTON MARATHON or the Unicorn Design, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition and unfair trade practices.

B. Enter judgment that CafePress's and Zazzle's acts of infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful.

C. Direct CafePress and Zazzle to pay the B.A.A., pursuant to the Anti-Counterfeiting Consumer Protection Act of 1996, statutory damages in an amount not to exceed one million dollars ($1,000,000) respectively per mark for each of the B.A.A.'s marks a counterfeit of which CafePress or Zazzle has used in connection with their business, as authorized by 15 U.S.C. § 1117(c)(2).

    D.    Direct CafePress and Zazzle to pay the B.A.A. the actual damages to the B.A.A. and any profits realized by CafePress and Zazzle, and the costs of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws c. 93A, § 11, or otherwise.

    E.    Award the B.A.A. its attorney fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117, Mass. Gen. Laws c. 93A, § 11, or otherwise.

    F.    Award the B.A.A. treble damages pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws c. 93A, § 11, or otherwise.

    G.    Order CafePress and Zazzle to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by CafePress's and Zazzle's infringing acts.

    H.    Order the recall, impounding and destruction of all goods, advertising or other items bearing counterfeit and/or infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

    I.    Award the B.A.A. such further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: April 30, 2010

_____
Amy L. Brosius (BBO # 656521)
Michael C. Lynn (BBO # 673060)
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
FAX: (617) 542-8906

Attorneys for the Plaintiff, Boston Athletic Association

22401756.doc