UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON ATHLETIC ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>CAFEPRESS.COM, INC., ZAZZLE INC., AND JOHN DOES 1-10<br><br>*Defendants*. | CIVIL ACTION NO.  10-cv-10740-DPW |

## AFFIDAVIT OF CHARLES OHIAERI

I, Charles Ohiaeri, hereby depose and state as follows:

1. I am the Senior Director of Manufacturing Technology at Zazzle Inc. ("Zazzle"). I make this affidavit in support of Zazzle's Opposition to the Motion of Boston Athletic Association (the "BAA") for Preliminary Injunction. All of the information set forth herein is based upon my personal knowledge, except where otherwise noted.

2. Zazzle operates zazzle.com, an online retail platform designed to enable individuals, professional artists, and major brands to create and offer unique, customized products. On zazzle.com, individuals and artists can upload their own designs or users can create products using designs licensed by Zazzle from top-tier brands such as Disney, Lucas Arts, Hallmark, and Mattel. Zazzle offers a wide range of blank products, such as t-shirts, mugs, buttons, etc., that users can customize with digital images. Zazzle products can only be purchased online at zazzle.com.

3. Zazzle's website is an "on demand" platform. Although the products that are displayed on zazzle.com appear very realistic, no products containing images uploaded to

zazzle.com are actually produced unless and until an order for such a product is received. As such, Zazzle does not have an inventory of products. Until the product is ordered, Zazzle retains only virtual products, that is, website images. Only after an order for a specific product has been placed does Zazzle print the digital image onto the blank product and ship the product to the user or the user's customer.

4. As an example, a user can upload his or her digital image and create a product, such as a t-shirt or mug, with the image displayed as artwork on that product. The user can then purchase the product he creates for himself, or offer the product for sale to others through his online store, hosted by Zazzle. Although the t-shirt and mugs are visible as images within the user's online store and the Zazzle marketplace, there is no physical inventory of the specific customized product. Again, Zazzle produces the product only *after* an order has been placed for it.

5. As a result, Zazzle does not have any inventory of product containing the terms or logo about which the BAA is complaining.

6. Moreover, Zazzle has never advertised merchandise referring to the Boston Marathon or any other term of which the BAA is complaining. If a user elects to offer his product design for sale to others, he will first "tag" the product with words or phrases chosen by the user. If a product design uses a term, the user may tag the product with that term. Another zazzle.com customer seeking a design using that term must enter that term as a search term in zazzle.com's search engine in order to find the product design. The zazzle.com search engine searches through the individual keywords or "tags" that the user has posted on his product and includes all matching product images in search results. As explained in paragraph 10 below,

since being named in this lawsuit, Zazzle has disabled searches on zazzle.com using the term Boston Marathon or any of the other terms complained of in the BAA's complaint.

7.  Zazzle respects intellectual property rights and takes allegations of infringement very seriously.  Zazzle's terms of use expressly forbid the uploading of content that violates the rights of any third party, and users warrant that the material they upload does not infringe on the rights of others and agree to hold Zazzle harmless against any claims of violation of rights of others.  Each time a user posts a design to be hosted by Zazzle, he or she reaffirms his or her agreement to these terms, and Zazzle relies on its users' representations in conducting its business and does not intend to infringe any third party's copyrights or trademarks.

8.  In addition to relying on these representations, Zazzle has implemented procedures to allow intellectual property owners and others to notify Zazzle and content owners if a product infringes the rights of any third party or otherwise violates Zazzle's acceptable content guidelines.  For example, every product page contains a "Report Violation" link that allows a person to report a copyright or other violation.  Additionally, the "Help" section of the website includes information about copyright and trademark and provides contact information to report questionable images.  When a questionable product is called to Zazzle's attention, Zazzle makes prompt efforts to review the notice and take appropriate action, including removing the allegedly infringing product image.

9.  The BAA never contacted Zazzle before commencing this law suit.  Zazzle first learned of the BAA's claims when it was served with the summons and complaint in this matter.

10.  On or before May 21, 2010, solely in an effort to avoid dispute and minimize its costs of defense and without conceding any issue and reserving all rights, Zazzle (a) voluntarily removed from its website all images of the products bearing either the logo and/or terms of

which the BAA complains in its complaint, and (b) blocked searches on zazzle.com of the terms of which the BAA complains so that if a user types in "Boston Marathon", or the other terms listed in the complaint ("Boston 26.2", Run Boston 26.2", "Boston Marathon Qualifier", and "Boston Qualifier"), the resulting search page contains no products. I am informed that Zazzle's counsel informed the BAA's counsel on May 21, 2010 that it had done so.

11. Without conceding any issue and reserving all rights, Zazzle represents that it has no intention to, and commits to the Court that it will not during the pendency of this case, (a) fill any product orders for any product using either the logo and/or terms of which the BAA complains in its complaint or (b) enable or permit any searches of zazzle.com during the pendency of this lawsuit using any of the terms of which the BAA complains in its complaint.

12. Prior to removing the images and disabling the search terms as described in paragraph 10, Zazzle sold fewer than 500 items either (a) bearing the terms about which the BAA complains in its complaint, or (b) sold from pages produced by searches using those terms even if the product did not use those terms. Of these items, fewer than 130 products bore the terms about which the BAA complains in its complaint. Of those, fewer still used the term Boston Marathon. No product whatever was sold bearing the BAA's unicorn logo.

13. Before images of products bearing either the logo and/or terms of which the BAA complains in its complaint were voluntarily removed from zazzle.com, no part of the website ever identified such products as official products of the Boston Marathon or its sponsor. Zazzle never intended or wanted to give the impression, nor did it do anything to foster the impression, that the products on its website were official products of the Boston Marathon or its sponsor.

14. An injunction would harm Zazzle's reputation and good will by causing its customers to wrongly conclude that Zazzle had infringed on the BAA's trademarks. Zazzle has

4

5

an excellent reputation in its industry and an injunction would likely damage this well-earned reputation.  Zazzle has relationships with owners of intellectual property, including licensing relationships with major brands that allow Zazzle customers to use logos and designs of the brands to purchase customizable products.  An injunction might also cause such owners of intellectual property to be less likely to engage in such relationships with Zazzle by causing them wrongly to conclude that Zazzle does not respect intellectual property rights.

Signed under the pains and penalties of perjury this 9th day of June, 2010.

/s/ Charles Ohiaeri
Charles Ohiaeri