Edwards Angell Palmer & Dodge LLP
George W. Neuner
   Email: gneuner@eapdlaw.com
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 517-5538
Facsimile: (888) 325-9229

Manatt, Phelps & Phillips, LLP
Jill M. Pietrini, Esq. (Bar No. 554964)
   E-mail: jpietrini@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
CAFEPRESS.COM, INC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON ATHLETIC ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> CAFEPRESS.COM, INC., ZAZZLE.COM, INC., and JOHN DOES 1-10, <br><br> Defendants. | Case No. CV10-10740-DPW <br><br> **DEFENDANT CAFEPRESS.COM, INC.'S ANSWER** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant CafePress.com, Inc. ("CafePress"), in response to the Complaint (the "Complaint") filed by Boston Athletic Association ("Plaintiff"), by and through its undersigned counsel hereby, answers the Complaint as follows:

## **ANSWER**

1.  In response to Paragraph 1 of the Complaint, CafePress admits that Plaintiff has filed an action for trademark counterfeiting arising under the Anti-Counterfeiting Consumer Protection Act, 15 U.S.C. § 1116(d), trademark infringement arising under the Lanham Act 15 U.S.C. § 1051, et seq., federal false designation of origin and dilution arising under the Lanham Act, 15 U.S.C. § 1125,

et seq., and for related state law claims, but denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. In response to Paragraph 2, CafePress denies that the subject matter in controversy, exclusive of interest and costs, exceeds $75,000. CafePress admits that the Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, but denies that any of Plaintiff's claims have merit.

3. In response to Paragraph 3, CafePress admits that the Court has personal jurisdiction over CafePress and that venue is proper, but denies the remaining allegations in paragraph 3 of the Complaint.

**THE BOSTON ATHLETIC ASSOCIATION AND THE ALLEGED "BOSTON MARATHON" TRADEMARK**

4. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies the same.

6. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies the same.

7. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies the same.

8. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

### THE ALLEGED BOSTON ATHLETIC ASSOCIATION AND THE UNICORN DESIGN TRADEMARK

13. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

\\\

\\\

17. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

### **DEFENDANT CAFEPRESS.COM, INC.**

20. CafePress admits the allegations in paragraph 20 of the Complaint.

21. CafePress admits the allegations in paragraph 21 of the Complaint.

22. CafePress denies the allegations in paragraph 22 of the Complaint.

23. CafePress admits that it sold merchandise offered for sale by its users to delivery addresses in Massachusetts, but denies the remaining allegations in paragraph 23 of the Complaint.

24. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25. CafePress denies the allegations in paragraph 25 of the Complaint.

### **DEFENDANT ZAZZLE, INC.**

26. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 26-31 of the Complaint, and therefore denies the same.

### **COUNT I – FEDERAL TRADEMARK INFRINGEMENT BY CAFEPRESS**

27. In response to Paragraph 32 of the Complaint, CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

28. CafePress denies the allegations in paragraph 33 of the Complaint.

29. CafePress denies the allegations in paragraph 34 of the Complaint.

## COUNT II – COUNTERFEITING BY CAFEPRESS

30. In response to Paragraph 35 of the Complaint CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

31. CafePress denies the allegations in paragraph 36 of the Complaint.

## COUNT III – FALSE DESIGNATION OF ORIGIN BY CAFEPRESS

32. In response to Paragraph 37 of the Complaint CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

33. CafePress denies the allegations in paragraph 38 of the Complaint.

## COUNT IV – FEDERAL TRADEMARK DILUTION BY CAFEPRESS

34. In response to Paragraph 39 of the Complaint CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

35. CafePress denies the allegations in paragraph 40 of the Complaint.

## COUNT V – STATE TRADEMARK DILUTION BY CAFEPRESS

36. In response to Paragraph 41 of the Complaint, CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

37. CafePress denies the allegations in paragraph 42 of the Complaint.

## COUNT VI – VIOLATION OF M.G.L. C. 93A BY CAFEPRESS

38. In response to Paragraph 43 of the Complaint, CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

39. CafePress denies the allegations in paragraph 44 of the Complaint.

## COUNT VII – COMMON LAW UNFAIR COMPETITION BY CAFEPRESS

40. In response to Paragraph 45 of the Complaint, CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

41. CafePress denies the allegations in paragraph 46 of the Complaint.

\\\
\\\
\\\

## COUNTS VIII-XIV – RELATING TO ZAZZLE

42. In response to Paragraphs 47, 50, 52, 54, 56, 58 and 60 of the Complaint, CafePress incorporates by reference its responses to paragraphs 1- 28 set forth above.

43. CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 48, 49, 51, 53, 55, 57, 59, and 61 of the Complaint, and therefore denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

44. CafePress denies that Plaintiff is entitled to (i) a judgment or decree against CafePress and (ii) any relief, equitable or otherwise, requested in Plaintiff's Prayer for Relief.

## CAFEPRESS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

45. The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE
### (Descriptive and Fair Use)

46. Pursuant to 15 U.S.C. § 1115(b)(4) and the common law, the appearance of the terms "Boston marathon," "Boston qualifier," "Boston 26.2," "Bos 26.2" or "Boston" in connection with the year/date and an image of a runner or variations thereof on clothing and other products and on CafePress' websites is descriptive and is used fairly and in good faith.

### SECOND DEFENSE
### (Nominative Fair Use)

47. The appearance of the terms "Boston marathon," "Boston qualifier," "Boston 26.2," "Bos 26.2" or "Boston" in connection with the year/date and an

image of a runner or variations thereof on clothing and other products and on CafePress' websites is a nominative fair use.

### THIRD DEFENSE
### (No Trademark Use by CafePress)

48. The appearance of the terms "Boston marathon" "Boston 26.2" "Bos 26.2" and "Boston qualifier" and variations thereof on the CafePress website and on the users' products on CafePress' websites does not constitute "trademark use" under the Lanham Act or the common law.

### FOURTH DEFENSE
### (Genericness)

49. Plaintiff's BOSTON MARATHON mark is generic and, thus, not entitled to trademark protection.

### FIFTH DEFENSE
### (No Contributory Liability)

50. To the extent Plaintiff's claims are based upon contributory liability, they are barred, in whole or part, because CafePress neither had the requisite knowledge of nor did CafePress induce the alleged infringement.

### SIXTH DEFENSE
### (No Vicarious Liability)

51. To the extent Plaintiff's claims are based upon vicarious liability, they are barred, in whole or part, because CafePress did not have the practical ability to supervise the alleged infringement.

### SEVENTH DEFENSE
### (No Damages to Plaintiff)

52. Plaintiff has not suffered any loss or damages as a result of the alleged acts or omissions of CafePress.

\\\
\\\

### EIGHTH DEFENSE
### (Laches)

53. Plaintiff's claims are barred by the doctrine of laches.

### NINTH DEFENSE
### (Acquiescence)

54. Plaintiff's claims are barred by the doctrine of acquiescence.

### TENTH DEFENSE
### (Waiver)

55. Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

### ELEVENTH DEFENSE
### (Estoppel)

56. Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

### TWELFTH DEFENSE
### (Statute of Limitations)

57. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

### THIRTEENTH DEFENSE
### (License)

58. Plaintiff's claims are barred, in whole or part, by licenses, express and/or implied, granted or authorized to be granted by Plaintiff.

### FOURTEENTH DEFENSE
### (Privileged)

59. Plaintiff's claims are barred, in whole or part, because CafePress' conduct is privileged.

\\\

\\\

### FIFTEENTH DEFENSE
### (Unclean Hands)

60. Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands.

### SIXTEENTH DEFENSE
### (First Amendment)

61. Plaintiff's claims are barred, in whole or part, by the First Amendment and the Constitutional guarantee of free speech.

### SEVENTEENTH DEFENSE
### (Abuse of Process)

62. Plaintiffs' claims are barred because of its abuse of process, including, but not limited to, its attempt to prevent fair, descriptive and legitimate uses of the terms "Boston marathon," "Boston 26.2," "Boston qualifier," "Bos 26.2" and "Boston" in connection with the year/date and an image of a runner and variations thereof on the CafePress websites and on user-generated or user-created products sold through the CafePress websites.

### EIGHTEENTH DEFENSE
### (Indemnification and Contribution)

63. While denying any and all liability, CafePress affirmatively states that if it is adjudicated liable to Plaintiff, CafePress is entitled to indemnification and contribution. CafePress expressly reserves the right to assert any cross-claim, counterclaim, or third-party claims revealed by discovery.

### NINETEENTH DEFENSE
### (No Irreparable Harm)

64. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

\\\

9

**TWENTIETH DEFENSE**
**(Limited Damages – Printer Defense)**

65. While denying any and all liability, CafePress affirmatively states that if it is adjudicated liable to Plaintiff, Plaintiff's damages, if any, should be limited to injunctive relief against future printing, as CafePress is merely an innocent printer under 15 U.S.C § 1114(2)(A).

**TWENTY-FIRST DEFENSE**
**(Damages not Caused by CafePress)**

66. While denying any and all liability, CafePress affirmatively states that any damages were caused by the acts of Plaintiff or others over which CafePress has no control.

**TWENTY-SECOND DEFENSE**
**(Failure to Mitigate)**

67. Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to mitigate its damages.

**TWENTY-THIRD DEFENSE**
**(No Statutory or Punitive Damages)**

68. While denying any and all liability, CafePress affirmatively states that the Complaint fails to state facts upon which punitive or statutory damages may be awarded.

**TWENTY-FOURTH DEFENSE**
**(Punitive or Statutory Award Violative of Due Process)**

69. Any award of punitive or statutory damages against CafePress would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

\\\

### TWENTY-FIFTH DEFENSE
(Failure to Join Necessary Parties)

70. CafePress expressly reserves the right to raise as an affirmative defense that the Plaintiff has failed to join all parties necessary for a justadjudication of this action, should discovery reveal the existence of facts to support such a defense.

### TWENTY-SIXTH DEFENSE
(Reservation of Rights and Defenses)

71. CafePress reserves the right to raise additional defenses as it becomes aware of hem.

### CAFEPRESS' PRAYER FOR RELIEF

WHEREFORE, CafePress prays for judgment as follows:

(a) That Plaintiff take nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

(b) That the Court enter judgment that CafePress is the prevailing party in this action;

(c) That the Court award CafePress all costs, expenses and attorneys' fees that it is entitled to under federal and Massachusetts law;

(d) That the Court enter judgment that the use of "Boston marathon," "Boston qualifier," "Boston 26.2," "Bos 26.2," and "Boston" and in connection with the year/date and an image of a runner and variations thereof on CafePress' website and by CafePress' users is a noninfringing fair use; and

\\\
\\\
\\\
\\\
\\\

(e) That the Court award any and all other relief to which CafePress may be entitled.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

Dated: June 10, 2010    By: /s/ Jill M. Pietrini
                                            Jill M. Pietrini
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224
E-mail:  jpietrini@manatt.com

George W. Neuner
Edwards Angell Palmer
& Dodge LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 517-5538
Facsimile: (888) 325-9229
Email: gneuner@eapdlaw.com

*Attorneys for Defendant*
CafePress.com, Inc.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), CafePress hereby demands a trial by jury of all triable issues in this action.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

Dated: June 10, 2010

By: /s/ Jill M. Pietrini
Jill M. Pietrini
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224
E-mail:  jpietrini@manatt.com

George W. Neuner
Edwards Angell Palmer
& Dodge LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 517-5538
Facsimile: (888) 325-9229
Email: gneuner@eapdlaw.com

*Attorneys for Defendant*
CafePress.com, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 10, 2010.

/s/LaTrina A. Martin
LaTrina A. Martin

300109955.1