UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON ATHLETIC ASSOCIATION,<br><br>    *Plaintiff*,<br><br>v.<br><br>CAFEPRESS.COM, INC., ZAZZLE INC.,<br>AND JOHN DOES 1-10<br><br>    *Defendants*. | CIVIL ACTION NO.  10-cv-10740-DPW |

**ANSWER AND JURY DEMAND OF DEFENDANT ZAZZLE INC.**

**FIRST DEFENSE**

For its first defense, defendant, Zazzle Inc. ("Zazzle") hereby responds to the numbered paragraphs of the Complaint filed by Boston Athletic Association ("BAA") as follows:

1.      Paragraph 1 states legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that Paragraph 1 includes factual allegations directed at Zazzle, Zazzle denies the same.

2.      Zazzle denies that the value of the subject matter in controversy, exclusive of interest and costs, exceeds $75,000.  The remaining allegations of Paragraph 2 state legal conclusions to which no response is required.

3.      Zazzle admits that personal jurisdiction and venue are proper.  Zazzle denies the remaining allegations of Paragraph 3.

**The Boston Athletic Association and the BOSTON MARATHON ® Trademark**

4.      Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.      Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.      Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

**The Boston Athletic Association and the Unicorn Design Trademark**

13.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

### Defendant CafePress.com, Inc.

20.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

### Defendant Zazzle Inc.

26.     Zazzle admits that it is a California corporation with a principal place of business in Redwood City, California.

27.     Admitted.

28.     Denied.

29.     Zazzle admits that it has sold merchandise offered for sale by its users to delivery addresses in Massachusetts, but denies the remaining allegations of Paragraph 29.

30.     Zazzle admits that the BAA has not expressly authorized Zazzle to use any trademark, design or designation and that none of the items sold by Zazzle are official Boston Marathon merchandise nor would the items be confused as such.  Zazzle denies the remaining allegations of Paragraph 30.

31.     Denied.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT BY CAFEPRESS

32.     In response to Paragraph 32 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

33.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

## COUNT II – COUNTERFEITING BY CAFEPRESS

35.     In response to Paragraph 35 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

36.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

## COUNT III – FALSE DESIGNATION OF ORIGIN BY CAFEPRESS

37.     In response to Paragraph 37 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

38.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

## COUNT IV – FEDERAL TRADEMARK DILUTION BY CAFEPRESS

39.     In response to Paragraph 39 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

40.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

## COUNT V – STATE TRADEMARK DILUTION OF CAFEPRESS

41.     In response to Paragraph 41 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

42.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

## COUNT VI – VIOLATION OF M.G.L. c.93a BY CAFEPRESS

43.     In response to Paragraph 43 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

44.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

## COUNT VII – COMMON LAW UNFAIR COMPETITION BY CAFEPRESS

45.     In response to Paragraph 45 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

46.     Zazzle lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

## COUNT VIII – FEDERAL TRADEMARK INFRINGEMENT BY ZAZZLE

47.     In response to Paragraph 47 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

48.     Denied.

49.     Denied.

## COUNT IX – COUNTERFEITING BY ZAZZLE

50.     In response to Paragraph 50 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

51.     Denied.

## COUNT X – FALSE DESIGNATION OF ORIGIN BY ZAZZLE

52.     In response to Paragraph 52 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

53.     Denied.

## COUNT XI – FEDERAL TRADEMARK DILUTION BY ZAZZLE

54.     In response to Paragraph 54 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

55.     Denied.

## COUNT XII – FALSE DESIGNATION OF ORIGIN BY ZAZZLE

56.     In response to Paragraph 56 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

57.     Denied.

## COUNT XIII – VIOLATION OF M.G.L. c93A BY ZAZZLE

58.     In response to Paragraph 58 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

59.     Denied.

## COUNT XIV – COMMON LAW UNFAIR COMPETITION BY ZAZZLE

60.     In response to Paragraph 52 of the Complaint, Zazzle incorporates by reference its response to Paragraphs 1-28 set forth above.

61.     Denied.

## THE BAA'S PRAYER FOR RELIEF

Zazzle denies that the BAA is entitled to (i) a judgment or decree against Zazzle, or (ii) any relief, equitable or otherwise, requested in the BAA's Prayer for Relief.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

Pursuant to 15 U.S.C. § 1115(b)(4) and the common law, the appearance of the terms "Boston Marathon," "Boston Marathon Qualifier," "Boston 26.2," "Run Boston 26.2" or "Boston Qualifier" in connection with the year/date and an image or a name of a runner or runners or variations thereof on clothing and other products and on Zazzle's websites is descriptive and is used fairly and in good faith.

## FOURTH DEFENSE

The appearance of the terms "Boston Marathon," "Boston Marathon Qualifier," "Boston 26.2," "Run Boston 26.2" or "Boston Qualifier" in connection with the year/date and an image or a name of a runner or runners or variations thereof on clothing and other products and on Zazzle's websites is a nominative fair use.

- 7 -

## FIFTH DEFENSE

The appearance of the terms "Boston Marathon," "Boston Marathon Qualifier," "Boston 26.2," "Run Boston 26.2" or "Boston Qualifier" and variations thereof on the Zazzle website and on the users' products on Zazzle's websites does not constitute "trademark use" under the Lanham Act or the common law.

## SIXTH DEFENSE

The appearance of the terms "Boston Marathon," "Boston Marathon Qualifier," "Boston 26.2," "Run Boston 26.2" or "Boston Qualifier" and variations thereof on the Zazzle website and on the users' products on Zazzle's websites creates no likelihood that customers would confuse products offered for sale on Zazzle's websites for official BAA or Boston Marathon merchandise.

## SEVENTH DEFENSE

Plaintiff's BOSTON MARATHON MARK is generic and, thus, not entitled to trademark protection.

## EIGHTH DEFENSE

To the extent Plaintiff's claims are based upon contributory liability, they are barred, in whole or in part, because Zazzle neither had the requisite knowledge nor did Zazzle induce the alleged infringement.

## NINTH DEFENSE

To the extent Plaintiff's claims are based upon vicarious liability, they are barred, in whole or in part, because Zazzle did not have the practical ability to supervise the alleged infringement.

## TENTH DEFENSE

Plaintiff has not suffered any loss, damage or harm as a result of the alleged acts or omissions of Zazzle.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by implied license.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Zazzle's conduct is privileged.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment and the Constitutional guarantee of free speech.

## EIGHTEENTH DEFENSE

While denying any and all liability, Zazzle affirmatively states that if it is adjudicated liable to Plaintiff, Zazzle is entitled to indemnification and contribution.  Zazzle expressly reserves the right to assert any cross-claim, counterclaim, or third-party claims revealed by discovery.

## TWENTIETH DEFENSE

While denying any and all liability, Zazzle affirmatively states that if it is adjudicated liable to Plaintiff, Plaintiff's remedies, if any, should be limited to injunctive relief against future printing, as Zazzle is merely an innocent printer under 15 U.S.C. §1114(2)(A).

## TWENTY-FIRST DEFENSE

While denying any and all liability, Zazzle affirmatively states that any damages were caused by the acts of others not within Zazzle's control.

## TWENTY-SECOND DEFENSE

While denying any and all liability, Zazzle affirmatively states that the Complaint fails to state facts upon which statutory or multiple damages may be awarded.

## TWENTY-THIRD DEFENSE

Any award of statutory or multiple damages against Zazzle would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eight Amendment to the United States Constitution.

## TWENTY-FOURTH DEFENSE

Zazzle expressly reserves the right to raise as an affirmative defense that the Plaintiff has failed to join all parties necessary for a just adjudication of this action, should discovery reveal the existence of facts to support such a defense.

## TWENTY-FIFTH DEFENSE

Zazzle expressly reserves the right to raise additional defenses as it becomes aware of them.

EAST\43034604.1

**WHEREFORE,** Zazzle requests that the Court dismiss the Complaint with prejudice and award Zazzle its costs of defense and its reasonable attorneys fees.

## JURY DEMAND

Zazzle demands a jury trial on all issues triable of right by a jury.

ZAZZLE INC.

By its attorneys,

_/s/ Bruce E. Falby_
Bruce E. Falby (BBO # 544143)
Lauren Ann H. Pond (BBO #669241)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (_telephone_)
(617) 406-6100 (_fax_)
_Bruce.falby@dlapiper.com_

Dated:  June 23, 2010

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on June 23, 2010.

_/s/ Bruce E. Falby_
Bruce E. Falby