Edwards Angell Palmer & Dodge LLP
George W. Neuner
    Email: gneuner@eapdlaw.com
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: (617) 517-5538
Facsimile: (888) 325-9229

Manatt, Phelps & Phillips, LLP
Jill M. Pietrini, Esq. (Bar No. 554964)
    E-mail: jpietrini@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
CAFEPRESS.COM, INC.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON ATHLETIC ASSOCIATION,<br><br>             Plaintiff,<br><br>     v.<br><br>CAFEPRESS.COM, INC., ZAZZLE.COM, INC., and JOHN DOES 1-10,<br><br>             Defendants. | Case No. CV10-10740-DPW<br><br>**DEFENDANT CAFEPRESS.COM, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO CAFEPRESS' MOTION TO STRIKE**<br><br>**Leave to file granted on June 23, 2010** |

Defendant CafePress.com, Inc. ("CafePress") hereby submits its reply to Plaintiff Boston Athletic Association's ("Plaintiff") Opposition to Defendant CafePress.com, Inc.'s Motion to Strike[1] Plaintiff's Motion for Preliminary Injunction ("Motion") contained in CafePress' opposition to that Motion ("Opposition").

---

[1] The motion to strike is contained in the content of CafePress' Opposition.

### A. **Plaintiff Failed to Hold a Meet and Confer Regarding its Motion**

Plaintiff unconvincingly argues that its voice messages informing CafePress of its intent to file a motion that same day is sufficient for the purposes of L.R. 7.1. Leaving two voicemail messages to CafePress located in the Pacific time zone hours before filing a motion is not a good faith attempt to meet and confer. *See, e.g.*, *Converse Inc. v. Reebok Intern. Ltd.*, 328 F.Supp.2d 166, 168; 173-74 (D.Mass. 2004) (finding that Converse had ample time to fully comply with L.R. 7.1 where it learned of Defendant's conduct ten days prior to the filing of the motion for contempt). Plaintiff correctly states that hours before the filing of the Complaint and the Motion, it left a voice message for Candice Carr asking that Ms. Carr return her call. (Plaintiff's Opposition p. 1; ¶ 2). Ms. Carr did return that call and left a message for Plaintiff's counsel, Amy Brosius, asking that Ms. Brosius contact her to discuss the matter. (Carr Decl. ¶ 15, Ref. No. Docket No. 22-1). Thereafter, Ms. Brosius left another voice message and then filed the Motion. *Id*. at ¶ 16. Plaintiff had already filed the Complaint at the time she left the first voicemail message. (Carr Decl., Ex. E). Plaintiff attempts to cast these three phone messages as demonstrating that the parties were unable to meet and confer within a reasonable time frame prior to filing the Motion. The record demonstrates that is not so. Moreover, Ms. Brosius failed to return Ms. Carr's May 4, 2010 voice message in which she asked Ms. Brosius to contact her. *Id*. (Carr Decl. ¶ 15, Docket No. 22-1). It appears that Plaintiff had no intention of providing CafePress an opportunity to discuss the Motion in any manner, including discussing its failure to meet and confer or a possible resolution to the dispute.

Plaintiff's claim that the Motion was time sensitive and that expeditious filing of the Motion was required to protect its rights is likewise without merit. As discussed in CafePress' Opposition, Plaintiff waited a year after its initial cease and desist letter to file the Motion. (CafePress' Opposition, p. 8, ¶ 16, Docket No. 22). Moreover, Plaintiff waited until after the 2010 Boston Marathon had taken place to

2

file the Motion. *Id*. at p. 9, ¶ 4.  Clearly, Plaintiff had more than enough time to hold a meet and confer and was in no rush to protect its rights.

### B. CafePress' Meet and Confer Regarding the Motion to Strike and Motion to Extend the Page Limit

Plaintiff claims that CafePress did not attempt to meet and confer regarding its Motion to Strike.  However, CafePress' Motion to Strike was made in the alternative within the body of the Opposition and, as such, is not separate and distinct motion for which a meet and confer is required.

Even if a meet and confer was required, Plaintiff failed to return CafePress' May 4, 2010 call requesting a discussion of the Complaint and the Motion. Consequently, CafePress was not provided an opportunity to discuss the Motion or Plaintiff's failure to meet and confer.  In light of Plaintiff's apparent unwillingness to discuss its own Motion prior to or after it was filed, CafePress had no reason to believe Plaintiff would respond to further attempts to discuss the Motion. CafePress was also blindsided by the filing of the Complaint and the Motion since it believed that Plaintiff had no further objections to its shopkeeper content after CafePress' removal of content from products on the Website in response to Plaintiff's March 31, 2009 cease and desist notice.  As a result, CafePress had to quickly ascertain what Plaintiff was objecting to and respond to its vague and overly broad claims within a limited time frame.  Considering the foregoing, CafePress' motion to strike should be granted.

As for the Motion to Extend the Page Limit, CafePress followed the exact procedure Plaintiff used in filing its own Motion to Exceed the Page Limit. Plaintiff stated in its opposition to the motion to strike that it does not object to CafePress' Motion to Extend the Page Limit of its Opposition. (Opposition to Motion to Strike, p. 2, ¶ 3).

### C. CafePress' Motion to Strike is Not Improperly Bootstrapped

Plaintiff erroneously claims that L.R. 7.1(b)(1) requires that CafePress'

motion to strike Plaintiff's Motion be filed separately.  However, L.R.7.1(b)(1) merely requires that  the party filing a motion shall include a memorandum citing supporting authority for its position and affidavits that set forth facts on which the motion is based.  CafePress' motion to strike clearly meets those requirements.  Further, CafePress' motion to strike was related to Plaintiff's Motion and to CafePress' Opposition.  Accordingly, it is proper to include the motion to strike within the Opposition.

### D.  **Conclusion**

For the above-stated reasons, CafePress requests that its motion to strike be granted.

Respectfully submitted,

MANATT PHELPS & PHILLIPS, LLP

Dated:  June 23, 2010            By:  /s/ Jill M. Pietrini
                                      Jill M. Pietrini
                                      Manatt, Phelps & Phillips, LLP
                                      11355 West Olympic Boulevard
                                      Los Angeles, CA  90064-1614
                                      Telephone:  (310) 312-4000
                                      Facsimile:  (310) 312-4224
                                      E-mail:  jpietrini@manatt.com

                                      George W. Neuner
                                      Edwards Angell Palmer & Dodge LLP
                                      111 Huntington Avenue
                                      Boston, MA 02199-7613
                                      Telephone: (617) 517-5538
                                      Facsimile: (888) 325-9229
                                      Email: gneuner@eapdlaw.com

                                      *Attorneys for Defendant*
                                      CafePress.com, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 23, 2010.

/s/ LaTrina A. Martin
LaTrina A. Martin

300114416.2